IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID NELSON,
    Plaintiff,

vs.                                                    Case No. 3:08cv508/MCR/EMT

UNITED STATES OF AMERICA,
    Defendant.
_____/

## ORDER

        This cause is before the court upon Defendant's "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for Summary Judgment" (Doc. 9). Although Plaintiff filed a Memorandum in Response to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 10), the court has concluded that in light of Plaintiff's pro se status, he should be given an opportunity to file an amended response upon being advised of the procedural rules and legal standards governing summary judgment motions.

        Plaintiff is advised that in preparing his amended response, he should address both aspects of Defendant's motion; that is, Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, filed pursuant to Fed. R. Civ. P. 12(b)(6), and Defendant's motion for summary judgment, filed pursuant to Fed. R. Civ. P. 56(b) (see Doc. 9). Moreover, Plaintiff is advised that the amended response will completely replace his original response; therefore, in the amended response Plaintiff must not refer to the original response, "incorporate it by reference," or otherwise rely in any way on arguments set forth in the original response — any argument Plaintiff wishes the court to consider must be included in the amended response. Once an amended response is filed, the original response will be disregarded. See Local Rule 15.1, Northern District of Florida ("Matters not set forth in [an] amended pleading are deemed to have been abandoned.").

        In responding to that part Defendant's motion that seeks summary judgment, Plaintiff should

file and serve affidavits and any other documents or materials required by Fed. R. Civ. P. 56 and Local Rule 56.1(A). In opposing a motion for summary judgment Plaintiff is the nonmoving party, and as Plaintiff he is the party with the burden of proof. Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The rule does not require Defendant, the party seeking summary judgment, to submit evidence <u>negating</u> Plaintiff's claim, but instead to demonstrate ("<u>with or without supporting affidavits</u>") that the Rule 56(c) standard is satisfied. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

Plaintiff is cautioned that he must dispute or contradict Defendant's arguments with evidence of a substantial nature as distinguished from legal conclusions. Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely upon the pleadings. A general denial unaccompanied by any evidentiary support will not suffice. *See, e.g.*, <u>Courson v. McMillian</u>, 939 F.2d 1479 (11th Cir. 1991); <u>Hutton v. Strickland</u>, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). If affidavits of witnesses are unavailable, Plaintiff should so indicate by his own affidavit and seek an extension of time to obtain other affidavits. Fed. R. Civ. P. 56(f). If Plaintiff is unable to present, by affidavit or other evidence, facts essential to justify his opposition to Defendant's motion, then Plaintiff must file a sworn statement as to why he is unable to do so. *Id.*

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (Plaintiff), but unreasonable and speculative inferences will not be drawn from the materials. <u>Tyler v. Vickery</u>, 517 F.2d 1089 (5th Cir. 1975). Evidence filed by Defendant in support of the motion for summary judgment may be accepted as true by the court if Plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. <u>Brown v. Shinbaum</u>, 828 F.2d 707 (11th Cir. 1987).

Plaintiff is cautioned that only those pleadings and evidentiary materials currently in the

record or filed in accordance with this order will be considered by the court in ruling on such a motion. A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex, 477 U.S. at 322–23; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 212 (1986).

In addition to other papers or matters permitted by the federal procedural rules, Plaintiff must file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth in Rule 56.1(A) of the Local Rules of the Northern District of Florida. All material facts set forth in the statement of material facts filed by Defendant will be deemed to be admitted by Plaintiff unless controverted by Plaintiff's statement of material facts. See N.D. Fla. Loc. R. 56.1(A).

Accordingly, it is **ORDERED**:

1. Plaintiff shall file an amended response to Defendant's "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for Summary Judgment" (Doc. 9), titled as such and as outlined in the body of this order, on or before **FEBRUARY 26, 2009**.

2. Failure to comply with this order may result in a recommendation that Defendant's motion be granted and that final judgment be entered in favor of Defendant. *See* N.D. Fla. R. 7.1(C)(1).

**DONE AND ORDERED** this 5th day of February 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**