IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID NELSON,
    Plaintiff,

v.                                Case No. 3:08cv508/MCR/EMT

UNITED STATES OF AMERICA,
    Defendant.
_____/

## **ORDER**

        Pending in this case are the government's motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(b) (Doc. 17), and Plaintiff's motion for summary judgment (Doc. 26).

        The court has set an advisement date of August 20, 2009, for Plaintiff's motion for summary judgment (Doc. 28).[1] The parties are advised that the government's motion will likewise be treated as one for summary judgment. The parties shall have **ten (10) days** from the date of entry of this order in which to submit any additional evidence and argument in support of or in opposition to the merits of the government's motion. *See* Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104

---

[1] As the parties have previously been instructed, a motion for summary judgment will result in a final judgment being entered for the moving party if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion, but unreasonable and speculative inferences will not be drawn from the materials. Tyler v. Vickery, 517 F.2d 1089 (5th Cir. 1975). Evidence filed by the movant in support of the motion for summary judgment may be accepted as true by the court if the party opposing the motion does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. Brown v. Shinbaum, 828 F.2d 707 (11th Cir. 1987).

F.3d 1256, 1266 n.11 (11th Cir. 1997) (stating that when the district court converts a motion to dismiss into a motion for summary judgment it generally "must notify the parties and allow the parties ten days to submit relevant evidence and arguments in support or opposition to the merits."); *see also* Marine Coatings of Alabama, Inc. v. United States, 792 F.2d 1565, 1568 (11th Cir. 1986), *rev'd on other grounds*, 932 F.2d 1370 (11th Cir. 1991).

**SO ORDERED** this 18th day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**